No. 41,338

CARL F. MATZEN, *Appellee*, v. STATE CORPORATION COMMISSION OF THE STATE OF KANSAS, *Appellant*, CITIES SERVICE OIL COMPANY, Intervenor, *Appellant*.

(341 P. 2d 1031)

Opinion filed July 10, 1959.

*Clyde E. Milligan*, of Topeka, argued the cause, and *J. Robert Wilson* and *Hartzell J. Whyte*, both of Topeka, were with him on the briefs for the appellant state corporation commission.

*Alfred O. Holl*, of Bartlesville, Okla., *P. K. Smith*, of Wichita, and *W. P. Wesley*, of Ulysses, were on the briefs for intervenor, appellant Cities Service Oil Company.

*Dale M. Stucky*, of Wichita, argued the cause, and *Homer V. Gooing, Wayne Coulson, Paul R. Kitch, Donald R. Newkirk, Robert J. Hill, Gerrit H. Wormhoudt, Philip Kassebaum, John E. Rees, Robert T. Cornwell*, and *Willard B. Thompson*, all of Wichita, and *A. E. Kramer* and *Bernard E. Nordling*, both of Hugoton, were with him on the briefs for the appellee. *Hugo T. Wedell*, of Wichita, of counsel.

The opinion of the court was delivered by

ROBB, J.: This is an appeal by the state corporation commission and the intervenor from the trial court's judgment reversing, vacating, and setting aside a previous order by the commission unitizing and pooling plaintiff's 160 acres of land with three other quarter sections which were neither contiguous nor adjoining to plaintiff's land nor with each other. The lands so unitized by the commission's order were also attributed to one of five wells drilled by the intervenor, as producer.

The intervenor filed an application seeking allowables for five

wells it had drilled in the Greenwood gas field. The one involved in this appeal is the Knoeber "A" well No. 1. The acreage sought to be attributed to this well consisted of the southeast quarter, section 19, southwest quarter, section 23, southeast quarter, section 27, and northwest quarter, section 33, township 32 south, range 42 west, all in Morton county. Since none of these quarter sections was contiguous or adjoining the application sought an order of the commission providing for an exception to paragraph "e" of the Greenwood basic proration order for the Greenwood gas field which contains the same provisions as paragraph "g" of the basic proration order for the Hugoton gas field, the subject involved in No. 41,102, *Day v. State Corporation Commission,* 185 Kan. 165, 341 P. 2d 1028, and *Stevens v. State Corporation Commission,* 185 Kan. 190, 341 P. 2d 1021, this day decided.

Intervenor's application asked for the cause to be set down for hearing and that notice thereof be given as required by law but it did not contain plaintiff's name, residence, or address as an interested party notwithstanding he had had correspondence with intervenor regarding his 160 acres (southeast quarter, section 19), and intervenor had informed plaintiff that his land was not included in any unit.

On November 2, 1955, the commission ordered an exception to paragraph "e," unitized the four tracts of land and attributed the land to Knoeber "A" well No. 1 to determine the allowable of that well for the purpose of gas production.

On April 3, 1956, plaintiff filed a verified petition with the commission wherein, among other things with which we are not presently concerned, the above correspondence was set out. This petition showed that plaintiff had no knowledge of the commission's order of November 2, 1955, and that in December, 1955, his counsel had inquired by letter as to intervenor's plans and requested an opportunity to be heard on any application. He received no reply thereto and another letter was sent to intervenor. On or about January 4, 1956, intervenor informed plaintiff by letter of the commission's order of November 2, 1955.

At the hearing before the commission on April 27, 1956, plaintiff through his counsel contended that his name was on file with the commission but whether such record was in the correct file of the commission to receive notice of this particular matter, plaintiff did

not know. After a ten minute recess to give the commission members opportunity to confer, the chairman stated as follows:

"Gentlemen, during the recess the Commission has considered the problem which was presented just before recess and it is inclined to the view that this petition we are considering is more or less in the nature of a petition for a rehearing and therefore that it is out of time and the motion to dismiss should be sustained. On the other hand, the Commission is also aware of some of the allegations which are made in the petition, which is verified, and also considering the inherent power which is always in the Commission to revise any of these orders and retain jurisdiction over them, the Commission on its own motion will hear evidence concerning this docket number and will at some future time set it down for hearing either in connection with the hearings in Wichita or a special hearing in Topeka. We will consider that this petition will be dismissed for the reasons stated."

The trial court's judgment reversing, vacating, and setting aside this order was correct in accordance with the opinion and views expressed in the Day case, *supra,* and the trial court's judgment in regard to the issues raised by the contents of plaintiff's petition is affirmed in accordance with the opinion and views expressed in *Stevens v. State Corporation Commission,* supra.

Judgment affirmed.