No. 41,102

Mayme D. Day and Ruby Burgess, *Appellees*, v. State Corporation Commission of the State of Kansas, *Appellant*, The Texas Company and Columbian Fuel Corporation, Intervenors, *Appellants*.

(341 P. 2d 1028)

Opinion filed July 10, 1959.

*J. Robert Wilson*, assistant general counsel, argued the cause, and *Clyde E. Milligan*, general counsel, and *Hartzell J. Whyte*, assistant general counsel, were with him on the briefs for the appellant, state corporation commission.

*Carl T. Smith*, of Wichita, argued the cause, and *Stuart R. Carter, Malcolm Miller*, and *Gerald Sawatzky*, all of Wichita, and *Charles Vance*, of Liberal, were with him on the briefs for intervenors, appellants, The Texas Company and Columbian Fuel Corporation.

*J. S. Brollier*, of Hugoton, argued the cause, and *Paul A. Wolf*, of Hugoton, was with him on the briefs for the appellees.

*A. E. Kramer* and *Bernard E. Nordling*, of Hugoton, *Homer V. Gooing, Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Robert J. Hill, Gerrit H. Wormhoudt, Philip Kassebaum, John E. Rees, Robert T. Cornwell*, and *Willard B. Thompson*, all of Wichita, were on the briefs *amici curiae* for Carl F. Matzen and Southwest Kansas Royalty Owners Association. *Hugo T. Wedell*, of Wichita, of counsel.

A. W. *Hershberger*, Richard *Jones*, William P. *Thompson*, H. E. *Jones*, Jerome E. *Jones* and Robert J. *Roth*, all of Wichita, were on the briefs *amici curiae* for Southwestern Exploration Company and Lester Wilkinson.

The opinion of the court was delivered by

ROBB, J.: This is an appeal by the state corporation commission and the intervenors from the trial court's judgment setting aside, cancelling and holding for naught the commission's previous order of unitization and pooling of plaintiffs' acreage along with other non-contiguous and non-adjoining acreage, as an exception to the provisions of paragraph "g" of the basic proration order of the Hugoton gas field.

The plaintiffs filed a complaint with the commission as soon as they had knowledge of its unitization and pooling order, which complaint the commission considered as a petition for rehearing but since it was filed too late under G. S. 1949, 55-606, the complaint was ultimately dismissed by order of the commission entered on October 24, 1956. In its journal entry of judgment the trial court also set this order aside, which brings up our primary question regarding notice to plaintiffs of the original hearing before the commission pertaining to intervenors' application.

The intervenors, as producers, filed their application with the commission seeking allowables of gas production for five new gas wells they had drilled in the Hugoton gas field. The well in question was designated as the *C. D. Day* to which was attributed the following acreage:

"The East Half (E½) of Section 6, the Northwest Quarter (NW¼) of Section 5, the Southeast Quarter (SE¼) of Section 8, all in Township 31 South, Range 34 West, Seward County, Kansas, with a completed well being located approximately 50 feet from the South line and 1320 feet from the East line of the Northeast Quarter (NE¼) of said section 6."

However, the trial court's order, and our only concern herein, involves plaintiffs' 160 acres which was the southeast quarter of section eight.

The plaintiffs were record titleholders of the southeast quarter of section eight which fact was known to the intervenors. The intervenors in their original application to the commission dated August 30, 1955, asked that due notice of its filing be given to all interested parties, as by law provided. In the record before us, the only reference made to any name was C. D. Day so far as the application discloses. No mention of either plaintiff was set out notwithstand-

ing they were the record titleholders, as previously stated. By this failure on the part of the intervenors, the plaintiffs' names, addresses, or residences were not on file with or otherwise made known to the commission as required by G. S. 1949, 55-605:

"The commission shall set a reasonable time and place when such hearing shall be had, and *give reasonable notice* thereof, in no case less than ten days, *to all persons interested therein by one publication of such notice,* in some nawspaper or newspapers having a general circulation in this state, *and by mailing* (second class) *a copy thereof to each such person* who shall have filed with the commission his name and address *or whose name and address is otherwise made known to it.*" (Our emphasis.)

Because of intervenors' failure as above indicated the commission was unable to serve plaintiffs and have them before it to hear any objections they might have to an order unitizing and pooling their land with the other non-contiguous and non-adjoining acreage.

In their brief and on oral argument the plaintiffs call our special attention to the record which shows that during the hearing before the commission regarding the merits of intervenor's motion to dismiss plaintiffs' motion because it was filed out of time, Mr. Linley, a member of the commission, asked of plaintiffs' counsel:

"Mr. Brollier, would you state for the Commission's information whether your client's name and address was on file with the Commission at the time of the hearing, when notices were sent out concerning the hearing so as to enable her to receive notice?"

Mr. Brollier replied:

"It wasn't. My client didn't even know that there were such notices mailed to anyone."

In other words, the plaintiffs were deprived of their right to be heard by reason of intervenors' failure properly to show in their application who the interested parties were which failure, in turn, prevented the commission from giving proper notice to such interested parties, as required by G. S. 1949, 55-605, with the result that the commission was without power and authority to determine any rights of plaintiffs in the southeast quarter of section eight or make any order binding upon them. Thus, the plaintiffs' complaint was not a petition for rehearing because by reason of intervenors' fault they had never had a hearing.

Review of the record convinces us the trial court was correct when it found that notice was given as provided by G. S. 1949, 55-705b, 55-706, and 55-605, but the record shows that neither of the plaintiffs had *actual notice* of the hearing.

The trial court was also correct when it set aside, cancelled and held for naught the orders by the commission dismissing plaintiffs' complaint.

The judgment of the trial court in regard to the issues raised by plaintiffs' complaint is affirmed in accordance with the opinion and views expressed in consolidated appeals No. 41,315, 41,316, and 41,317, *Stevens v. State Corporation Commission*, 185 Kan. 190, 341 P. 2d 1021, this day decided.

Judgment affirmed.