No. 41,102

Mayme D. Day and Ruby Burgess, *Appellees*, v. State Corpora-
tion Commission of the State of Kansas, *Appellant*, The Texas
Company and Columbian Fuel Corporation, Intervenors, *Ap-
pellants*.

(345 P. 2d 651)

Opinion denying
rehearing filed November 7, 1959.
(For original opinion of affirmance, see *Day v. State Corporation Commission*,
185 Kan. 165, 341 P. 2d 1028.)

The opinion of the court was delivered by

Robb, J.: To prevent any misunderstanding in regard to the juris-
diction of the state corporation commission in attributing acreages
to a particular gas well for the purpose of determining the allowable
of such gas well for production of gas therefrom, the syllabus in *Day
v. State Corporation Commission*, 185 Kan. 165, 341 P. 2d 1028, is
modified in the 4th and 5th lines thereof by substitution of the word
*attributing* for the words "unitization and pooling" so the syllabus in
pertinent part reads:

"In a proceeding originating before the state corporation commission by
reason of certain producers filing an application seeking an exception to para-
graph 'g' of the basic proration order of the Hugoton gas field for the attributing
of non-contiguous and non-adjoining acreages. . . ."

The corresponding portions of the opinion are also modified so
that in line 13, page 166, as well as in line 14, page 167, where the
words "unitization and pooling" appear, the word *attributing* is sub-
stituted therefor.

The final paragraph on page 167 is stricken and the following is
incorporated into the opinion in lieu thereof:

The trial court found: "Notice was given as provided by 55-705b, 55-706
and 55-605, G. S. 1949, but the record shows that neither of plaintiffs had
*actual notice* of the hearing." (Our emphasis.)

The record fully supports this finding in that the notice was published but
a copy thereof was not mailed to each person interested in the hearing accord-
ing to the latter part of G. S. 1949, 55-605, and as we construe that part of the
statute, it requires the applicants (here intervenors) to make known to the
commission the names and addresses of the parties who are interested in and
affected by the hearing on the application and the results thereof.

Since the record fails to affirmatively show any necessary ele-
ments of acquiescence or estoppel on the part of plaintiffs, land-

owners, and in view of what was said in the original opinion in regard to mailing notice under G. S. 1949, 55-605, supplemented by *Mullane v. Central Hanover Tr. Co.*, 339 U. S. 306, Syl. ¶ 3, 70 S. Ct. 652, 94 L. ed 865, the petition for rehearing is denied.

PRICE, J., dissents, being of the opinion that a rehearing should be granted.